UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREGORY HAYES,

        Petitioner,

  v.                                        Case No. 17-cv-923-pp

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME (DKT. NO. 9)**

---

On July 22, 2020 the court dismissed this *habeas* case with prejudice because it determined that it was a second or successive *habeas* petition that was not timely filed. Dkt. No. 7 at 22. The court also dismissed the petitioner's Case No. 19-cv-211 because the court determined that it was not a §2255 petition, but a motion under 18 U.S.C. §3583 to modify his criminal sentence in <u>United States v. Hayes</u>, Case No. 95-cr-135. <u>Id.</u> at 23. In that motion, the petitioner told the court that he believed that some of the conditions of his supervised release were overbroad or vague; he identified only one such condition, however, and said that he would amend the motion to list all the other conditions that he challenged. The court ordered the petitioner to file an amended §3583 motion by the end of the day on August 21, 2020, identifying any conditions of supervised release he wished to challenge as vague or overly

1

broad, and the court stated that the petitioner should file that motion *in his criminal case*, 95-cr-135. Id.

On August 20, 2020, the court received from the petitioner—in this closed civil case—a motion for extension of time and a brief in support of his motion. Dkt. Nos. 9, 10. In the brief, the petitioner explains that the court entered judgment, dismissing his petition as second or successive and not timely filed; he states that he would "strongly like to file a response to the prior ruling," but that he is in quarantine and he asks for an extension of "14 to 30 days." Dkt. No. 10 at 1.

The court cannot tell what deadline the petitioner wants the court to extend. The court issued the order dismissing this *habeas* petition, and the petition in Case No. 19-cv-211, on July 22, 2020. Because the petitioner filed the motion in this *habeas* case, and because he says that he wants to respond to the ruling dismissing this case, perhaps the petitioner is asking the court to give him additional time to file a motion asking the court to reconsider its July 22, 2020 order of dismissal. A party may ask a court to reconsider a final order by filing either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). The petitioner's motion arrived too late for him to seek relief under Rule 59(e)— a party must file a Rule 59(e) motion within twenty-eight days of the date the court enters judgment, and the court received the petitioner's motion on the 29th day. The petitioner still may seek relief under Fed. R. Civ. P. 60(b); the deadline for filing a Rule 60(b) motion is "within a reasonable time." Fed. R.

2

Civ. P. 60(c).

Rule 60(b) allows a party to ask a court to grant relief from a final judgment or order for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied or was based on a reversed or vacated judgment; or (6) "any other reason that justifies relief." The petitioner does not explain whether he is asking the court to reconsider its July 22, 2020 dismissal of this *habeas* petition or why, but if he *is* asking the court to reconsider and if it is for one of these reasons, he may file a motion under Rule 60(b) and he does not need an extension of time to do so.

The court's July 22, 2020 order also set a deadline for the petitioner to file an amended 18 U.S.C. §3583 motion to modify the conditions of supervised release in his criminal case. The deadline the court gave the petitioner to file that motion—and to file it in Case No. 95-cr-135—was August 21, 2020. Perhaps the petitioner is asking the court to give him more time to file *that* motion.

Perhaps the petitioner is asking for more time to do both—more time to ask the court to reconsider its decision in this *habeas* case, and more time to file a motion to modify the conditions of his supervised release in the criminal case.

3

The court will give the petitioner a thirty-day extension of time to file the motion to modify the conditions of supervised release in his criminal case. It also will give the petitioner a deadline by which to file a Rule 60(b) motion to reconsider in this *habeas* case. Whether the petitioner wished to file only one of these motions, or both, he must file whatever it is he wants to file by the deadline the court sets below. If the petitioner wants to file a Rule 60(b) motion to reconsider the dismissal of this *habeas* petition, he must file *that* motion in Hayes v. United States, 17-cv-923. If the petitioner wants to file a motion to modify the conditions of his supervised release under 18 U.S.C. §3583, he must file that motion in United States v. Hayes, 95-cr-135. He must *not* request both forms of relief—reconsideration of the court's dismissal of this *habeas* case and modification of his conditions of supervised release—in a single motion filed in only one of the cases.

The court **GRANTS** the petitioner's motion for an extension of time. Dkt. No. 9.

The court **ORDERS** that if the petitioner wishes to file a motion asking the court to reconsider its order in this *habeas* case, Case No. 17-cv-923, he must do so by the end of the day on **September 25, 2020**. If the petitioner wishes to file an amended 18 U.S.C. §3583 motion to modify the conditions of

supervised release in his criminal case, Case No. 95-cr-135, he must do so by the end of the day on **September 25, 2020**.

Dated in Milwaukee, Wisconsin this 26th day of August, 2020.

                **BY THE COURT:**

                _____
                **HON. PAMELA PEPPER**
                **Chief United States District Judge**